UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL JOSEPH RUSSELL,<br><br>    Plaintiff,<br>vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation<br><br>    Respondents. | CASE NO. 11-cv-2288-H (DHB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY** |

On October 3, 2011, Petitioner Karl Joseph Russell ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 18, 2011, Petitioner filed an amended petition. (Doc. No. 4.) On March 28, 2012 Respondent filed an Answer opposing habeas relief. (Doc. No. 17.) On July 12, 2012, Petitioner filed a Traverse. (Doc. No. 26.) On August 23, 2012, the magistrate judge issued a Report and Recommendation recommending that the petition be denied. (Doc. No. 27.) Petitioner received an extension of time to file an objection to the Report and Recommendation by the October 22, 2012, but he has not done so. (Doc. No. 30.)

**Background**

On June 25, 2011, Petitioner was convicted of first degree felony murder committed with a dangerous weapon. (Doc. No. 4.) The following facts come from the published

1  California Court of Appeal opinion and are presumed correct pursuant to 28 U.S.C. §
2  2254(e)(1).  The California Court of Appeal found that Petitioner had burglarized an
3  unoccupied house in Oceanside in the early hours of September 5, 2006. People v. Russell,
4  187 Cal. App. 4th 981, 985 (2010).  After being startled by a neighbor getting ready for work,
5  Petitioner stole the homeowner's car and fled the scene, leaving some personal property of his
6  behind. Id.  Approximately 15 minutes later, Petitioner saw a police car while stopped at a red
7  light in Oceanside and sped away. Id. at 986.  Petitioner led the officer on a high speed and
8  erratic chase through the streets of Carlsbad. Id.  While driving through a red light, Petitioner
9  struck the side of a pick-up truck at a high speed, killing the driver, Rodrigo Vega. Id.  He
10 then got out of the car, threatened the pursuing officer, and ran away. Id.  The Carlsbad police
11 later found him hiding nearby. Id.  Blood tests showed that Petitioner had a blood alcohol
12 content of 0.12%. Id.

13       Petitioner testified in his own defense at his trial. Id.  He testified that he and a friend
14 committed the burglary after having a few drinks at a local bar. Id.  He testified that after the
15 burglary he dropped off his friend near the place the friend was residing, and then drove
16 around looking for some other friends. Id. at 986-987.  He claimed that he did not remember
17 driving in the manner described by the police officer, and that he was just looking for a place
18 to sleep. Id. at 987.

19       In June 2008, Petitioner was charged in a four-count information of murder with a
20 dangerous weapon (Cal. Penal Code § 187(a)), causing serious bodily injury or death by
21 evading an officer (Cal. Vehicle Code § 2800.3), residential burglary (Cal. Penal Code §§ 459,
22 460), and vehicle theft (Cal. Vehicle Code § 10851(a)).  (Lodgment No. 1, Clerk's Transcript
23 ("CT") at 00005-00007.)  Petitioner waived his right to a jury trial, and was convicted of all
24 charges.  (Id. at 000152, 000164.)  On December 18, 2011, Petitioner was sentenced to state
25 prison for a term of twenty-six years to life, comprising twenty-five years to life for first
26 degree murder plus one year for the use of a deadly weapon enhancement.  (Id. at 000171.)
27 Petitioner appealed his conviction and sentence, arguing that the prosecution provided
28 insufficient evidence to prove that he was guilty of first degree felony murder, and that his

1  sentence constituted cruel and unusual punishment. Russell, 187 Cal. App. 4th at 986-994.
2  On August 23, 2010, the appellate court denied Petitioner's appeal and affirmed the trial
3  court's judgment in a published opinion. Id. The California Supreme Court summarily denied
4  review on December 6, 2010. (Lodgment 13.) Petitioner then filed the instant federal petition
5  for writ of habeas corpus, raising the same two grounds for relief he presented to the state
6  court. (Doc. No. 4.)

**Discussion**

**I.    Standard of Review**

A federal court reviews an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of the petition in this case. 28 U.S.C. 2254(d); Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Section 2254(d) bars a federal court from relitigating any claim "adjudicated on the merits" in state court unless the result "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,' [requiring that] state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), (quoting Lindh, 521 U.S. at 333 n.7).

Under § 2254(d)(1), a decision is "contrary to" clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases," or if it "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. Early v. Packer, 537 U.S. 3, 8 (2002). Under § 2254(d)(2), a decision is "an unreasonable application of clearly established federal law" if the state court "correctly

identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. 362, 407-08 (2000). The decision must be more than just "incorrect or erroneous;" it "must [be] objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). The petitioner must show that "'there was no reasonable basis' for the state high court's decision." Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 784 (2011). If there is not clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue. See Carey v. Musladin, 549 U.S. 70, 74 (2006); Holley v. Yarborough, 568 F.3d 1091, 1098 (9th Cir. 2009); Moses v. Payne, 555 F.3d 742, 753-754 (9th Cir. 2009). These standards are applied to "the last reasoned decision" by a state court on the merits of the federal constitutional claims raised by a state prisoner seeking relief from sentence. Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005).

**II.    Analysis**

**A.    Ground One: Sufficiency of the Evidence to Support Conviction**

In evaluating the sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). In a federal habeas case, the Court must determine whether the Court of Appeal's decision was contrary to or an unreasonable application of the Jackson standard. Juan H., 408 F.3d 1262. The last reasoned decision by the state court on these issues is the Court of Appeal's published opinion in People v. Russell, 187 Cal. App. 4th 981 (2010).

In determining that sufficient evidence supported Petitioner's conviction, the California Court of Appeal used a state law standard identical to the Jackson standard; and its decision is not an unreasonable application of the standard to the facts of this case. Russell, 187 Cal. App. at 987-992, applying People v. Johnson, 26 Cal. 3d 557, 578 (1980).

In challenging his conviction, Petitioner raises four arguments to establish that he is entitled to habeas relief. (Doc. No. 4.) The Court disagrees. Petitioner's first argument is that the evidence adduced at trial shows that he reached a place of "temporary safety" before he

crashed into the pick-up truck. (Doc. No. 4). The Court of Appeal held that there was sufficient evidence to show that the burglary and homicide were part of a continuous transaction. Russell 187 Cal. App. at 991-992. In particular, the Court of Appeal noted that petitioner had fled upon being alerted to a neighbor's presence during the burglary, and that he was observed by the police just five miles of the crime scene shortly after burglary. Id. The Court of Appeal concluded that his extreme reaction coupled with the other evidence could reasonably lead an experienced judge to infer that petitioner was in the process of fleeing the crime scene when he killed the victim. Id.

Similarly, Petitioner's second argument is that the evidence presented at trial does not establish first-degree homicide beyond a reasonable doubt, contending that the homicide occurred because he was intoxicated not fleeing a crime scene. (Doc. No. 4). The Court of Appeal rejected this argument, concluding that there was there is sufficient evidence for a reasonable trier of fact to find that Petitioner killed the victim as part of a continuous transaction from the commission of the burglary. Russell, 187 Cal. App. at 987. Again, the Court of Appeal noted that, the other evidence, such as the proximity of the killing in both time and distance to the crime, and his erratic behavior upon spotting the police car established a reasonable basis for the fact finder to conclude he was fleeing from the crime at the time he killed the victim. Id. at 991-992. The Court concludes that this was not an unreasonable application of the Jackson standard. Juan H., 408 F.3d 1262.

Additionally, the Court notes that Petitioner's other two arguments do not present a proper issue for a § 2254 habeas petition because they are challenges to the California Court of Appeal's determination of California state laws. A state court's interpretation of its own laws provides no basis for federal habeas relief because no federal constitutional question arises. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal habeas corpus relief does not lie for errors of state law and federal courts may not reexamine state court determinations of state law.) Petitioner's claim that the felony murder statute and the escape rule does not apply to this particular factual situation is a question of state law. The California Court of Appeal determined that under state law, the felony murder statute applies to the crime of burglary,

even if no one other than the defendant was present at the scene of the burglary. <u>Russell</u>, 187 Cal. App. at 989-990. The court also determined that the escape rule was applicable even though Petitioner was not chased from the scene of the burglary. <u>Id.</u> These determinations of state law cannot be disturbed by federal review. <u>McGuire</u>, 502 U.S. 62, 68 (1991).

### B. Ground Two: Petitioner's Sentence Does Not Constitute Cruel and Unusual Punishment

Petitioner argues that his sentence is so disproportionate that it amounts to cruel and unusual under the Eighth Amendment. (Doc. No. 4). The clearly established Supreme Court law on proportionality issues is governed by three cases <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), <u>Solem v. Helm</u>, 463 U.S. 277 (1983), and <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991). <u>Rummel</u> indicated that finding disproportionality outside of capital cases would be rare, because "the length of the sentence actually imposed is purely a matter of legislative prerogative." <u>Rummel</u>, 445 U.S. at 271-274. The Court in <u>Solem</u> weakened this absolute approval of legislative penology, stating that legislatures were entitled to substantial deference, but that no penalty was per se constitutional under the Eighth Amendment. <u>Solem</u>, 463 U.S. at 290. The Court held that three factors should guide an Eighth Amendment proportionality analysis: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." <u>Id.</u> at 292. Finally, in <u>Harmelin</u>, there was no majority opinion, but Justice Kennedy's concurrence proposed a modification of the <u>Solem</u> factors. He suggested that a threshold determination be made by comparing "the crime committed and the sentence imposed." <u>Harmelin</u>, 501 U.S. at 1005. If the petitioner's sentence does not lead to an inference of gross disproportionality, then analysis under the second and third factors is not necessary. <u>Id.</u> The Ninth Circuit held that Justice Kennedy's concurrence establishes the rule because it is the "position taken by those Members who concurred in the judgments on the narrowest grounds . . . ." <u>United States v. Bland</u>, 961 F.2d 123 (9th Cir. 1992).

The Court of Appeal applied a standard that is in line with Supreme Court precedent.

The court followed a three prong test that mirrors <u>Solem</u>: "(1) the nature of the offense and the offender with regard to the degree of danger present to society, (2) comparison of the challenged punishment with the punishment prescribed for more serious crimes in the jurisdiction, and (3) comparison of the challenged punishment with punishment for the same offense in other jurisdictions." <u>Russell</u>, 187 Cal. App. 4th at 993, (citing <u>In re Lynch</u>, 8 Cal. 3d 410, 425-427 (1972)). The Court of Appeal's analysis of Petitioner's sentence under this standard is not an unreasonable application of the law or an unreasonable interpretation of the facts. As to the first prong, it analyzed the nature of the offense and the offender. <u>Russell</u>, 187 Cal. App. 4th at 994-995. The court found that, although the felony murder statute has been criticized, it is still good law in California and Petitioner's actions fell within the ambit of the statute <u>Id.</u> at 993-994. The court determined that Petitioner was not entitled to mitigation for reason of his allegedly impaired mental facilities, due primarily to his prior criminal history and his continued denial of culpability in committing the crime. <u>Id.</u> at 994.

Under the second prong, the Court of Appeal found no merit in Petitioner's contention that he received a harsher sentence than offenders who committed more serious crimes within the same jurisdiction. <u>Id.</u> at 995. Under the third prong, the Court of Appeal noted that "Petitioner made no attempt to compare the sentence for first degree murder with punishments prescribed by other jurisdictions for the same offense." <u>Id.</u>

The court's analysis is not inconsistent with federal law standards or an unreasonable interpretation of the facts of Petitioner's case. No inference of gross disproportionality arises from the comparison of Petitioner's sentence with the severity of his crimes. Petitioner committed a felony, and killed an innocent person while trying to flee from his crime. Without reaching this threshold determination of gross disproportionality, it is unnecessary to analyze the situation under the second and third factors. <u>Bland</u>, 961 F.2d 123. Accordingly, the Court concludes that the Court of Appeal's analysis on this issue was a reasonable and proper application of the correct federal standards to the facts of this case.

**III.    Denial of Certificate of Appealability**

Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas

1 petition must obtain a certificate of appealability from the district court judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In the present case, the Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore the Court denies Petitioner a certificate of appealability.

## **Conclusion**

Petitioner has not established that the state court's determination "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>See</u> 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Court adopts the Magistrate Judge's report and recommendation and denies the petition for habeas corpus. In addition, the Court denies Petitioner a certificate of appealability.

**IT IS SO ORDERED**

DATED: November 7, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT